IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:24-cv-00857

DAVID CIACCIA,

    Plaintiff,

vs.

UNUM LIFE INSURANCE COMPANY OF AMERICA and PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY,

    Defendants.

COMPLAINT

Plaintiff, DAVID CIACCIA, by and through counsel, states as his Complaint the following:

## **INTRODUCTION**

1. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, *et seq*.

2. This is an action for payment of group long-term disability benefits and enforcement of ERISA rights pursuant to 29 U.S.C. §1132.

3. This is also an action arising from a separate, individual insurance policy for individual disability income benefits and alleging a state law claim for breach of contract or, in the alternative, to the extent said disability income benefits are part of an ERISA welfare benefit plan, for benefits and enforcement of ERISA rights pursuant to 29 U.S.C. §1132 arising from that policy.

1

## THE PARTIES

4. Plaintiff, DAVID CIACCIA, D.O. ("Plaintiff" or "Dr. Ciaccia"), is a resident of Belmont, Gaston County, North Carolina, which is located within this judicial district.

5. Upon information and belief, Defendant UNUM LIFE INSURANCE COMPANY OF AMERICA ("Unum"), a division of Unum Group, is a foreign insurance company selling policies, insuring persons and conducting other business throughout the United States including, *inter alia*, substantial activity within this judicial district.

6. Upon information and belief, Defendant PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY ("Provident"), a division of Unum Group, is a foreign insurance company selling policies, insuring persons and conducting other business throughout the United States including, *inter alia*, substantial activity within this judicial district.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction under ERISA with respect to Plaintiff's ERISA claims without respect to the amount in controversy or the citizenship of the parties. 29 U.S.C. §1132(a), (e)(1) and (f) and 28 U.S.C. §1331.

8. This Court has supplemental jurisdiction over Plaintiff's related state law claim against Provident, the parties and the subject matter of this dispute. 28 U.S.C. §1367.

9. Plaintiff is entitled to bring this action as a Participant within the meaning of ERISA, 29 U.S.C. §1002(7).

10. Venue is proper in this district pursuant to 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391(b).

## DR. CIACCIA'S DISABILTY CLAIM

11. Based on his employment as a physiatrist with OrthoCarolina, at all times relevant to this action, Dr. Ciaccia was insured under a group policy providing LTD insurance benefits originally issued by Unum (hereafter the "LTD Policy") to OrthoCarolina for the benefit of its employees. Based on premiums paid, the LTD policy was in full force and effect at all times relevant hereto. A true and accurate copy of the LTD Policy is attached hereto as Exhibit "A." Based on Plaintiff's salary, he qualified for a monthly LTD payment of $10,000 per month for all applicable periods of his disability.

12. Dr. Ciaccia was also insured under an individual disability income insurance policy (hereafter "IDI Policy") issued by Provident in the amount of $2,500 per month. Based on premiums paid, the IDI Policy was in full force and effect at all times relevant hereto. A true and accurate copy of the IDI Policy is attached hereto as Exhibit "B."

13. The LTD Policy contains the following terms pertaining to Dr. Ciaccia's claim:

## *HOW DOES UNUM DEFINE DISABILITY?*

**Executives and Physicians, Fellows**
You are disabled when Unum determines that:

- you are **limited** from performing the **material and substantial duties** of your **regular occupation** due to **sickness** or **injury**; and
- you have a 20% or more loss in your **indexed monthly earnings** due to the same sickness or injury.

You must be under the regular care of a physician in order to be considered disabled.

The loss of a professional or occupational license or certification does not, in itself, constitute disability.

**MATERIAL AND SUBSTANTIAL DUTIES** means duties that:
-are normally required for the performance of your regular occupation; and
-cannot be reasonably omitted or modified.

**Executives and Physicians, Fellows**
**REGULAR OCCUPATION** means the occupation you are routinely performing when your disability begins.

For physicians, "regular occupation" means the general or sub-specialty in which you are practicing when your disability begins and for which you are certified by the American Board of Medical Specialties. If the sub-specialty in which you are practicing is not recognized by the American Board of Medical Specialties, you will be considered practicing in the general specialty category.

For all other employees, your regular occupation means the material and substantial occupational duties as recognized in the general workplace, that you were routinely performing prior to becoming disabled.

Unum will look at your occupation as it is normally performed in the national economy, instead of how the work tasks are performed for a specific employer or at a specific location.

4

14. The IDI Policy contains the following terms:

**Total Disability** or **Totally Disabled** means that because of Injuries or Sickness:

    1. You are not able to perform the material and substantial duties of Your Occupation; and

    2. You are not engaged in Any Occupation; and

    3. You are receiving Physician's Care. We will waive this requirement if We receive written proof acceptable to Us that further Physician's Care would be of no benefit to You.

**Your Occupation** means the occupation or occupations in which You are regularly engaged at the time You become Disabled.

15. On or about August 23, 2023, Dr. Ciaccia became disabled and unable to continue working due to an idiopathic sleep disorder and sequelae to that condition.

16. Following the onset of his disability, Dr. Ciaccia applied for short-term disability benefits from Unum, and his application was approved.

17. Both the LTD Policy and IDI Policy contained a 180-day elimination period, meaning that benefits under those policies were not due to commence until February 18, 2024.

18. Dr. Ciaccia timely applied for benefits under both the LTD Policy and IDI Policy; however, despite the approval of his short-term disability claim, along with evidence supporting his ongoing disability, his LTD and IDI applications were denied.

19. On July 18, 2024, Dr. Ciaccia, through counsel, appealed the LTD and IDI denials.

20. Despite the submission of objective medical evidence and the unequivocal disability findings made in support of Dr. Ciaccia's benefit applications by his treating and examining doctors, Unum and Provident denied the appeal on August 26, 2024.

21. At all times relevant to this action, Dr. Ciaccia has met the LTD Policy and IDI Policy definitions of "disabled" and is therefore entitled to the benefits payable under both policies.

22. The adverse determinations issued by Unum and Provident were erroneous and contrary to the medical records and evidence presented.

23. Unum and Provident failed to maintain reasonable claim procedures or provide a full and fair review of Dr. Ciaccia's claim.

24. Unum's unreasonable conduct includes, but is not limited to the following acts:

   a. designing the entire claim review process to favor a denial of benefits;

   b. consulting biased medical personnel whom Defendant suspected or knew would render opinions favorable to Defendant contrary to the requirements of 29 C.F.R. § 2560.503-1(b)(7); and

      c. ignoring objective and well-supported clinical evidence of Dr. Ciaccia's disability and without any credible contrary evidence.

25. Unum and Provident both had an inherent and substantial conflict of interest in administering Dr. Ciaccia's claims by virtue of the fact that Unum and Provident acted as is both the insurer of the LTD and IDI Policies, respectively, and payor of benefits, as well as the decision maker on whether benefits should be paid.

26. The Court should review Unum's adverse decisions on Plaintiff's claims under a *de novo* standard in accordance with *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 115, 109 S.Ct. 948, 956-57, 103 L.Ed 2d 80, 95 (1989) as to the claims governed by ERISA.

## **CLAIM FOR RELIEF REGARDING THE LTD POLICY**

### **COUNT ONE: TO RECOVER ERISA BENEFITS DUE PURUSANT TO 29 U.S.C. § 1132(a)(1)(B)**

27. Plaintiff incorporates by reference Paragraphs 1 through 26 above as if fully set forth below.

28. As more fully described above, Dr. Ciaccia has exhausted all claim review procedures and administrative remedies to the extent required.

29. As more fully described above, the conduct of Unum constitutes a breach of its obligations under the Policy and ERISA.

30. Dr. Ciaccia brings this action against Unum pursuant to 29 U.S.C. §1132(a)(1)(B) to recover benefits and to enforce his rights under the LTD Policy and ERISA.

## CLAIMS FOR RELIEF REGARDING THE IDI POLICY

## COUNT TWO: BREACH OF CONTRACT

31. Plaintiff incorporates by reference paragraphs 1 through 30 as if fully set forth below.

32. Plaintiff and Defendant Provident have a valid, binding contract as set forth in the IDI Policy, Exhibit B.

33. At all relevant times, Dr. Ciaccia has been disabled and met the terms of the Policy entitling him to ongoing benefits.

34. All conditions precedent, to the extent that any such conditions were required under the terms of the IDI Policy, have been performed or have occurred.

35. Dr. Ciaccia is entitled to receive IDI benefits from Provident due since Provident's denial through the present and continuing.

36. In denying and refusing to pay Dr. Ciaccia's IDI benefits, Provident breached its contractual obligations to Dr. Ciaccia under the Policy.

37. Provident's officers, directors, or managers participated in and/or condoned its conduct and decision on Dr. Ciaccia's claim.

38. Provident's actions described herein proximately caused actual injury to Plaintiff, including but not limited to loss of benefits, loss of use and

earnings those benefits would have provided, loss of other employee benefits, consequential damages, and other damages as Plaintiff may prove.

### IN THE ALTERNATIVE TO COUNT TWO:  COUNT THREE: TO RECOVER ERISA BENEFITS DUE PURUSANT TO 29 U.S.C. § 1132(a)(1)(B)

39. Plaintiff incorporates by reference Paragraphs 1 through 38 above as if fully set forth below.

40. Pursuant to Rule 8 of the Federal Rules of Civil Procedure, to the extent the IDI Policy is part of an ERISA welfare benefit plan, Dr. Ciaccia brings this action against Provident pursuant to 29 U.S.C. §1132(a)(1)(B) to recover benefits and to enforce his rights under the IDI Policy and ERISA.

41. As more fully described above, Dr. Ciaccia has exhausted all claim review procedures and administrative remedies to the extent required.

42. As more fully described above, the conduct of Provident constitutes a breach of its obligations under the Policy and ERISA.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays the Court to enter judgment for Plaintiff and against both Unum and Provident providing:

A. An award of all benefits due and owing to Dr. Ciaccia under the Unum Policy, along with a finding of ongoing entitlement to benefits so long as he continues to meet the LTD Policy's terms and conditions.

B.     An award of all benefits due and owing to Dr. Ciaccia under the Provident Policy, along with a finding of ongoing entitlement to benefits so long as he continues to meet the IDI Policy's terms and conditions.

C.     An award of prejudgment interest on all LTD and IDI benefits in arrears.

D.     An award of attorney's fees pursuant to 29 U.S.C. § 1132(g).

E.     An award of costs.

F.     Plaintiff shall have all claims so triable tried by a jury, and all other claims adjudicated under Rule 52 of the Federal Rules of Civil Procedure.

F.     An award of such further relief against Defendants as the Court deems lawful, just and proper.

Respectfully submitted, this 23rd day of September, 2024.

                **s/ Charles McB. Sasser**
                **s/ Rachel C. Matesic**

                Charles McB. Sasser
                NC State Bar No.: 10027
                Rachel C. Matesic
                NC State Bar No.: 50156
                Attorneys for Plaintiff
                The Sasser Law Firm, P.A.
                Attorneys for the Plaintiff
                1011 East Morehead Street, Suite 350
                Charlotte, NC 28204
                Telephone: (704) 342-4200
                Fax: (704) 342-0798
                E-mail: msasser@sasserlawoffice.com
                E-mail: rmatesic@sasserlawoffice.com

*Of Counsel:*

Mark D. DeBofsky
DeBofsky Law Ltd.
2 N. Riverside Plaza, Suite 1420
Chicago, Illinois 60606
(312) 561-4040
FAX (312) 600-4426
Email: mdebofsky@debofsky.com

Seeking *Pro Hac Vice* admission